UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARKISHA P. WHITE; A.C., a minor,[1]

        Plaintiffs,

-against-

PINE BUSH CENTRAL SCHOOL DISTRICT;
JESSICA ZUKOR; PATRICIA FERNANDEZ;
BRIAN BREHENY,

        Defendants.

21-CV-6347 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Markisha White, who is appearing *pro se*, brings this action individually and on behalf of her minor child A.C. She invokes the Court's federal question jurisdiction, alleging that Defendants failed to protect A.C. from being injured by another student and failed to adequately investigate the incident. By order dated August 4, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff thirty days' leave to replead any claims brought on her own behalf.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any court submissions referring to a minor must only include the minor's initials.

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against the Pine Bush Central School District; A.C.'s one-on-one aide, Jessica Zukor; nurse Patricia Fernandez, and Principal Brian Breheny. The following allegations are taken from the complaint. On May 18, 2021, A.C. came home from school with

"a chunk of her hair missing" after a cornrow braid "was ripped from her scalp during recess." (ECF 2, at 5.) Zukor was away from A.C., talking with other teachers, when the incident occurred. (*Id.*) A.C. claims that when she got off the swing, she felt a pain in her head. Another child came to A.C. with her braid in his hand while laughing and telling A.C. that her "hair came out." (*Id.*) Zukor walked A.C. to Ms. Rose, an assistant nurse, who told A.C. that "she will be fine and sent her to lunch." (*Id.*) A.C. was still in pain and alleges that her classmates were teasing and laughing at her and saying, "I got her." (*Id.* at 5-6.)

A.C. went to the nurse, Ms. Fernandez, who gave A.C. an ice pack and had her sit down. A.C. requested to call her mother, but Fernandez told A.C. she could not because her mother was working.

Plaintiff alleges that no incident report was made, and she was not informed of the incident by school officials. Plaintiff states that she spoke with Principal Breheny, who "basically ignored" her concerns, and nobody else could answer her questions about what happened. (*Id.* at 6.)

A.C.'s health care provider stated that it took a lot of force for A.C.'s hair to be pulled out, and that it was unlikely that a swing caused the injury. An investigator from the state police reviewed the video of the incident, and stated, "from what he seen it wasn't from the swing," and that the video showed A.C. "going out of camera view with [two] other kids." (*Id.* at 7.)

Plaintiff requested a new one-to-one aide for A.C., but the school told her it "didn't have anyone else." (*Id.*)

Plaintiff alleges that A.C. suffered "head trauma" from her hair being ripped from her scalp, as well as increased anxiety and emotional distress. (*Id.* at 6, 7.)

In the section of the complaint form asking Plaintiff to state the relief she seeks, Plaintiff writes, "Personal injury, mental & emotional injury, damages under Americans with disability

3

Act, damages for negligence, Attorney fees, costs, expenses, any further relief as court may deem equitable." (*Id.* at 6.)

Plaintiff attaches to the complaint a timeline of the events, email correspondence with school officials, and a copy of a "Section 504 Accommodation Plan" which states that A.C. has been diagnosed with epilepsy and concludes that A.C. "requires 1:1 adult supervision throughout the school day." (*Id.* at 10.)

## DISCUSSION

### A.   Federal Rule of Civil Procedure 5.2(a)(3)

Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any court submissions referring to a minor must only include the minor's initials. Plaintiff provides the full name of her minor daughter A.C. in the complaint. The Court is therefore limiting electronic access to the complaint to a "case-participant only" basis. If Plaintiff files any additional documents, she must comply with Rule 5.2(a)(3).

### B.   Claims on behalf of A.C.

The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [her]self." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Generally, a non-attorney parent cannot bring an action without counsel in federal court on behalf of a child. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). "[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to [her]." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 902 F.2d 59, 60 (2d Cir. 1990) ("[I]t is not in the interests of minors . . . that they be represented by non-attorneys."). Because Plaintiff cannot represent her daughter

4

without counsel, any claims she is asserting on behalf of A.C. are dismissed without prejudice to any action an attorney may file representing A.C.'s interests.[2] This action proceeds with Markisha White as the sole Plaintiff.

**C.     Claims on behalf of Markisha White**

The complaint purports to bring claims under the Americans with Disabilities Act of 1990 ("ADA") and "Section 504," which the Court understands to be Section 504 of the Rehabilitation Act of 1973. The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal assistance." 29 U.S.C. § 794(a).

Here, the complaint fails to allege facts suggesting that Plaintiff Markisha White is a qualified individual with a disability or that Defendants have violated her rights under these statutes. The Court therefore dismisses the complaint for failure to state claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Because it is unclear whether Plaintiff Markisha White can allege facts to suggest a plausible claim, the Court grants her thirty days' leave to replead any claims she seeks to bring on her own behalf.

---

[2] Plaintiff may contact the New York Legal Assistance Group (NYLAG) for assistance in retaining counsel on behalf of her daughter. An informational flyer provided by NYLAG is attached to this order.

**D.     Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is unclear whether Plaintiff may be able to allege additional facts to state a valid claim on her own behalf, the Court grants Plaintiff thirty days' leave to amend her complaint to detail her claims.

Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief any be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Any claims asserted on behalf of A.C. are dismissed without prejudice to any action an attorney may file representing A.C.'s interests. The Court grants Plaintiff thirty days' leave to replead her claims in an amended complaint that complies with the standards set forth above. The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Clerk of Court is directed to transmit a copy of this order to Plaintiff. Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 23, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

_____
_____
_____

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

I.  **BASIS FOR JURISDICTION**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

A.  **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

B.  **If you checked Diversity of Citizenship**

   1.  **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                       (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City                    State                    Zip Code

_____

Telephone Number                Email Address (if available)

Page 3

B. **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
```
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City              State              Zip Code
```

Defendant 2:
```
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City              State              Zip Code
```

Defendant 3:
```
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City              State              Zip Code
```

Page 4

Defendant 4:

    First Name                    Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City                State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name        Middle Initial | Last Name |
| Street Address | |
| County, City | State        Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

# Notice For Pro Se Litigants



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.

