UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARKISHA P. WHITE; A.C., a minor,

                Plaintiffs,

-against-

PINE BUSH CENTRAL SCHOOL DISTRICT, et al.,

                Defendants.

**ORDER**

21-CV-06347 (PMH)

PHILIP M. HALPERN, United States District Judge:

On July 26, 2021, Markisha White ("Plaintiff") commenced this action *pro se* on her own behalf and on behalf of her minor child A.C. (Doc. 1). On August 23, 2021, Judge Swain issued an Order of Dismissal, in which she dismissed Plaintiff's original complaint[1] without prejudice. (Doc. 5, "Order"). Judge Swain, in her Order of Dismissal, dismissed Plaintiff's claims on behalf of her minor child A.C. without prejudice to any action any attorney may file representing A.C.'s interests, "[b]ecause Plaintiff cannot represent her daughter without counsel." (*Id*. at 4-5). Judge Swain further dismissed Plaintiff's claims brought on her own behalf under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 because Plaintiff "fail[ed] to allege facts suggesting that [she] is a qualified individual with a disability or that Defendants have violated her rights under these statutes." (*Id*. at 5). Judge Swain permitted this action to proceed

---

[1] Plaintiff provided her minor child A.C.'s full name in her original complaint (Doc. 2), despite Federal Rule of Civil Procedure 5.2(a)(3), which "requires that any court submissions referring to a minor must only include the minor's initials" (Order at 4). Judge Swain limited electronic access to the original complaint to a "case-participant only" basis and directed that "[i]f Plaintiff files any additional documents, she must comply with Rule 5.2(a)(3)." (*Id*.). Nevertheless, Plaintiff's Amended Complaint also contains the full name of her minor child A.C. (Doc. 8). Accordingly, the Court has limited electronic access to the Amended Complaint to a "case-participant only" basis.

with Markisha White as the sole Plaintiff and gave her thirty days' leave to replead only the claims she seeks to bring on her own behalf, to the extent there are any. (*Id.*).

On September 21, 2021, Plaintiff filed an Amended Complaint (Doc. 8). On October 19, 2021, this case was reassigned from Judge Swain to me. The Court, having reviewed Plaintiff's Amended Complaint, finds that Plaintiff fails to plausibly state a claim on her own behalf. Nor could she have, as the allegations in the Amended Complaint in no way pertain to Plaintiff. Rather, Plaintiff merely re-asserts claims on behalf of her minor child A.C., which the Court has already held to be impermissible. (*See* Order at 4); *see also Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 902 F.2d 59, 60 (2d Cir. 1990). Accordingly, the Amended Complaint is dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to transmit a copy of this Order to Plaintiff. Plaintiff has consented to receive electronic service of notices and documents in this action. (Doc. 3). The Clerk of the Court is further respectfully directed to limit electronic access to the Amended Complaint (Doc. 8) to a "case-participant only" basis and close this case.

**SO ORDERED:**

Dated: White Plains, New York
October 21, 2021

_____
PHILIP M. HALPERN
United States District Judge